IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LANCE LAMONT GATLING, | : | 4:13-CR-00221 |
| Petitioner | : | |
| v. | : | (Judge Brann) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

August 25 2015

Presently before the Court is the pro se motion of Petitioner, Lance Lamont Gatling " Gatling" to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. ECF No. 99. For the reasons that follow, Gatling's motion will be denied.

## I. Background

On October 10, 2013, a four-count Indictment was returned by a grand jury charging Gatling with multiple offenses related to the January 19, 2013 assault on another inmate Darnell Dyson. ECF No. 1. Gatling was charged with (1) assault with intent to commit murder in violation of 18 U.S.C. §113 (a)(1); (2) assault with a dangerous weapon in violation of 18 U.S.C. §113(a)(3); (3) assault resulting in serious bodily injury in violation of 18 U.S.C. §113(a)(6); and (4) possession of contraband by an inmate in violation of 18 U.S.C. §1791(a)(2). ECF No. 1.

1

On February 3, 2014, Gatling pled guilty to Count Three pursuant to a plea agreement. ECF No. 46. In exchange, the Government recommended a three-level reduction for acceptance of responsibility if warranted, and moved for the dismissal of any remaining charges following sentencing. ECF No. 45. Gatling also agreed to make full restitution in accordance with a schedule determined by the Court. ECF No. 46.

Prior to sentencing, the United States Probation Office drafted a Presentence Investigation Report ("PSR") revealing that Dyson had suffered four strokes, was partially paralyzed and whispers when speaking as a result of the assault. PSR ¶5. Gatling filed objections to the PSR and indicated that following disclosure and after speaking with Dyson, Dyson no longer spoke in a whisper. ECF No. 84. Furthermore, even though Gatling agreed that the victim was partially paralyzed, he had yet to receive any records showing that Dyson purportedly suffered four strokes as a result of the attack. ECF No. 84.

On June 17, 2014, the Court conducted a hearing and sentenced Gatling to 96 months of imprisonment and to pay restitution in the amount of $744,003.33. ECF No 86. This sentence was an upward departure from the applicable guidelines range of 46 to 57 months because of Gatling's criminal history and the nature of the victim's injuries. ECF No. 86.

## II. Legal Standard

A federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A section 2255 motion may attack a sentence on any of the following grounds: "(1) that the judgment was rendered without jurisdiction, or (2) that the sentence imposed was not authorized by law or otherwise open to collateral attack, or (3) that there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack...." 28 U.S.C. § 2255(b).

A section 2255 motion, however, does not afford a remedy for all errors that may have been made at trial or sentencing. *United States v. Essig,* 10 F.3d 968, 977 n. 25 (3d Cir. 1993). Rather, section 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Eakman,* 378 F.3d 294, 298 (3d Cir. 2004) (citing *United States v. Addonizio,* 442 U.S. 178, 185, 99 S.Ct 2235, 60 L.Ed.2d 805 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or otherwise open to collateral attack, the court must either vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. *See* 28 U.S.C. § 2255(b). Conversely, a court may dismiss a

section 2255 motion where the record shows conclusively that the movant is not entitled to relief. *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994).

Generally, a district court must order an evidentiary hearing in a federal habeas case if a criminal defendant's § 2255 allegations raise an issue of material fact. *United States v. Biberfeld,* 957 F.2d 98, 102 (3d Cir. 1992). But, if there is "no legally cognizable claim or the factual matters raised by the motion may be susceptible of resolution through the district judge's review of the motion and records in the case," the motion may be decided without a hearing. *United States v. Costanzo,* 625 F.2d 465, 470 (3d Cir. 1980). If a hearing is not held, the district judge must accept the criminal defendant's allegations as true "unless they are clearly frivolous on the basis of the existing record." *Gov' t of Virgin Islands v. Bradshaw,* 726 F.2d 115, 117 (3d Cir. 1984). Similarly, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation." *United States v. Thomas,* 221 F.3d 430, 437 (3d Cir. 2000).

### III. Discussion

Gatling's section 2255 motion raises the following issues: (1) the upward departure of one whole criminal history category was based on unreliable information and is therefore unwarranted; (2) the upward departure under U.S.S.G. § 5K2.2 was likewise unwarranted because U.S.S.G. § 2A2.2 had already taken his

4

conduct into consideration with a six (6) level increase; and (3) the $744,033.33 restitution award is unjustifiable because it is based on false pretenses.

A. **Gatling's Section 2255 Motion**

Preliminarily, the Government argues that Gatling's claims are not cognizable in a section 2255 motion at all. After a careful review, the Court agrees with the Government that such matters are typically not proper for a section 2255 proceeding. The law provides that a section 2255 motion challenges the constitutionality of a sentence. If, however, the defendant merely alleges errors in the application of the Sentencing Guidelines, then section 2255 is inapplicable.

The United States Court of Appeals for the Third Circuit has noted that the misapplication of the Sentencing Guidelines does not automatically give rise to a constitutional claim. *United States v. Manigault*, 395 F. App'x 831, 834 (3d Cir. 2010); *See, United States v. Cepero*, 224 F.3d 256 (3d Cir. 2000), *abrogated in part on other grounds*. "Barring extraordinary circumstances ... an error in the application of the sentencing guidelines cannot be raised in a section 2255 proceeding. *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999).

Here, Gatling does not raise a constitutional issue in his motion but merely challenges the application of the Sentencing Guidelines. Gatling has raised no issue that leads the Court to conclude that his sentence is either in violation of the constitution or federal law. He has cited to no fundamental defect that would

5

inherently result in a complete miscarriage of justice. Accordingly, Gatling's section 2255 motion must fail.

Additionally, Gatling cannot rely on a section 2255 motion to challenge the terms of a sentencing court's imposition of a fine. *See United States v. Walker*, 149 F. App'x 55, 57 (3d Cir. 2005) (non precedential) ("numerous courts have recognized that '§2255's language clearly and unambiguously limits its applicability to defendants seeking release from custody. It is not available to those, like the defendant, who challenge only fines or restitution orders.'") (quoted case omitted). *See also, Trader v. United States*, 281 F. App'x 87, 88 (3d Cir. 2008) ("relief is not available under any part of AEDPA, including both 28 U.S.C. § 2255 and 28 U.S.C. § 2241, if the petition solely attacks the imposition of a monetary fine or an order of restitution.") Gatling's challenge to the restitution order is therefore not cognizable under a §2255 motion, and is dismissed

### B. Gatling's Claim Lacks Merit

Even if Gatling's claims were cognizable in a section 2255 petition, the motion must be dismissed because it is wholly lacking in merit.

#### 1. The Upward Departure under U.S.S.G. § 4A1.3 was warranted.

Gatling asserts that an upward departure was unwarranted because the Court relied on information which inaccurately indicated that his criminal history category of three substantially under-represented the seriousness of his criminal

6

history. In making this claim, Gatling asserts that because the details of the " numerous prison assaults" that the Court relied on were unavailable in the PSR, they were unreliable. ECF No. 99. Likewise, any prison disciplinary proceedings, which were taken into consideration were unreliable because he was never charged or convicted of the misconduct or subject to the full panoply of rights available in a criminal proceeding. ECF No. 99.

The Sentencing Guidelines permit an upward departure "if reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history . . . ." U.S.S.G. §4A1.3(a)(1). In deciding whether such a departure is warranted, the Court may consider any information about the background and character of a defendant, but only if such information is reliable. *United States v. Warren*, 186 F.3d 358, 364-65 (3d Cir. 1999). U.S.S.G §4A1.3(a)(2) lists examples of information considered reliable and cautions that the list is neither exclusive nor exhaustive. The Court may, however, consider "prior similar adult criminal conduct not resulting in a criminal conviction" as reliable. U.S.S.G. §4A1.3(a)(2)(E).

At sentencing, this Court based the upward departure on Gatling's pattern of violent encounters. This determination was based on: (1) an assault with serious injury in 1996; (2) an assault with serious injury in 2002; (3) assault in 2003; (4) fighting in 2004; (5) an assault in 2004; (6) an assault with serious injury in 2007;

7

(7) an assault with serious injury in 2009 ; and (8) further assaults in 2009 and 2010. Indeed, these incidents illustrate "reliable information" contemplated by U.S.S.G. §4A1.3. Consequently, the Court's upward departure was warranted and Gatling's argument is without merit.

### 2. The Upward Departure under U.S.S.G. §5K2.2 was warranted

Next, Gatling argues that the upward departure under U.S.S.G. 5K2.2 was likewise unwarranted because these factors were already taken into account by the upward adjustment under U.S.S.G. § 2A2.2(b)(3)(C). ECF No. 99.

First and foremost, in determining an appropriate sentence, this Court has the discretion to depart upwards for "circumstances resulting in significant physical injury." U.S.S.G. §5K2.2. In light of the significant physical injury inflicted by Gatling, the Court departed from the Guideline range. Gatling stabbed Dyson in the neck with a five-inch shank causing blood to shoot from the gaping hole in his neck. This violent attack brought Dyson to the precipice of death and rendered him apparently permanently paralyzed. As a result, the Court imposed a sentence that was sufficient but not greater than necessary to reflect the seriousness of the offense. The upward departure was in no way unwarranted and the Court concluded that Gatling should spend an additional 96 months in prison.

Finally, Gatling contends that the upward departure was based on inaccuracies in the record. ECF No. 99. Gatling argues that Dyson's medical

8

records did not contain a paralysis diagnosis and neither did it indicate that the strokes suffered by Dyson were a result of the assault. ECF No. 99. Gatling asserts that the information was unverified, unreliable and should therefore not have triggered the upward departure. Construing Gatling's petition liberally, it would appear that he seeks to challenge the accuracy of the PSR in his petition.

It is well established in this circuit, and all others, that "a sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant." *United States v. Watkins,* 54 F.3d 163, 166–67 (3d Cir. 1995). *See United States v. Romero–Rendon,* 220 F.3d 1159, 1161 (9th Cir. 2000) ("[A] district court may rely on an unchallenged PSR at sentencing to find by a preponderance of the evidence that the facts underlying a sentence enhancement have been established.").

As is required of the Court under Rule 32(f) of the Federal Rules of Criminal Procedure, Gatling and counsel had the opportunity to comment on the PSR and to make objections prior to sentencing. In fact, defense counsel made objections to the PSR and any errors were resolved prior to Gatling's hearing. ECF. No. 84. At sentencing, the Court again gave Gatling the opportunity to contest the accuracy of the PSR. In response, Gatling raised one factual issue concerning the number of strokes Dyson allegedly suffered. After promptly addressing the issue, no further objections were made to the remainder of the PSR. As the PSR was no longer in

dispute, the Court relied on the fact findings contained therein as a proper basis for its sentence determination. The Court did not err by doing so, and Gatling's argument is without merit.

Moreover, this Court had the authorization under 18 U.S.C. § 3553, for reasons of punishment, public safety and deterrence, to impose a sentence above the high end of the applicable Guideline range. The Court meticulously articulated its consideration of the "3553 factors" after evaluating these in conjunction with the sentencing memoranda provided by defense counsel, the PSR, and arguments advanced by counsel before departing from the Sentencing Guidelines. The Court has provided an adequate basis for its upward departure and Gatling's petition does not assert a reasonable basis for a section 2255 relief.

### C. Evidentiary Hearing

For the reasons discussed above, the Court concludes that records of this case show conclusively that Gatling is not entitled to relief under section 2255. Accordingly, the Court will not hold an evidentiary hearing.

### D. Certificate of Appealability

To qualify for a certificate of appealability, a habeas litigant must demonstrate that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel,* 529 U.S. 473,

484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Since no reasonable jurist could disagree with the conclusion that Gatling's petition lacks merit, no certificate of appealability will be issue.

**IV. Conclusion**

For the forgoing reasons, the Court finds that Gatling has stated no claims in his Section 2555 motion that merit relief. Accordingly, the Court will deny the petition and will decline to order an evidentiary hearing. A certificate of appealability shall not issue. An appropriate Order follows.

THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge