# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:13-CR-00221-01 |
| v. | (Judge Brann) |
| LANCE LAMONT GATLING, | |
| Defendant. | |

## MEMORANDUM OPINION

### SEPTEMBER 1, 2020

Currently pending before the Court is Lance Lamont Gatling's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] Gatling contends that he is entitled to release to home confinement due to the COVID-19 pandemic and his particular susceptibility to the virus.[2] The Government opposes the motion.[3]

## I.  BACKGROUND

In 2013, Gatling was indicted for assault with the intent to commit murder, in violation of 18 U.S.C. § 113(a)(1), assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3), assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), and possession of contraband in prison, in violation of 18 U.S.C. § 1791(a)(2).[4] In 2014 Gatling pled guilty, pursuant to a written a plea agreement,[5]

---

[1] Doc. 104.
[2] *Id.*
[3] Doc. 106.
[4] Doc. 1.
[5] Doc. 42.

to assault resulting in serious bodily injury and was sentenced to 96 months' imprisonment.[6] He is currently incarcerated at the United States Penitentiary Lee, located in Pennington Gap, Virginia.

Gatling has now filed a motion for compassionate release.[7] In his motion, Gatling asserts that he suffers from asthma, which places him at a higher risk of serious illness or death should he contract COVID-19.[8] The Government responds that no extraordinary and compelling reason exists to grant the motion and, in any event, the relevant 18 U.S.C. § 3553(a) sentencing factors militate against releasing Gatling to at-home confinement.[9] This motion is ripe for consideration and, for the following reasons, Gatling's motion will be denied.

## II. DISCUSSION

"[A]s a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization."[10] Congress has provided courts with the authority to modify sentences through its enactment of 18 U.S.C. § 3582(c)(1)(A). That statute permits courts to reduce an inmate's sentence if the inmate has exhausted his administrative remedies[11] and if, as relevant here,

---

[6] Doc. 86.
[7] Doc. 104.
[8] *Id.*
[9] Doc. 106.
[10] *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007).
[11] The Government asserts that Gatling has exhausted his administrative remedies. (Doc. 106 at 3). Because Gatling's motion fails on its merits, the Court assumes, without deciding, that Gatling has exhausted his administrative remedies.

"extraordinary and compelling reasons warrant such a reduction."[12] Courts must also consider the relevant § 3553(a) sentencing factors[13] and whether "the defendant is . . . a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."[14]

Congress has not defined the term "extraordinary and compelling." However, the Sentencing Guidelines define the term to include a terminal illness, or any non-terminal illness "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."[15] This definition is not, however, authoritative, as "[t]he Commission has not updated its policy statement to account for the changes imposed by the First Step Act, and the policy statement is now clearly outdated."[16] Thus, while "the Policy Statement provides useful guidance for district courts in assessing a defendant's eligibility for compassionate release, . . . it does not constrain a court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3852(c)(1)(A)."[17]

---

[12] 18 U.S.C. § 3582(c)(1)(A)(i).
[13] *Id.*
[14] U.S. Sentencing Guidelines Manual § 1B1.13(2).
[15] USSG § 1B1.13, cmt. n.1(A).
[16] *United States v. Rodriguez*, __ F.Supp.3d __, __, No. 2:03-CR-00271-AB-1, 2020 WL 1627331, at *3 (E.D. Pa. Apr. 1, 2020).
[17] *United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *3 (M.D. Pa. Aug. 5, 2020) (brackets and internal quotation marks omitted).

The relevant sentencing factors to consider under § 3553(a) include, *inter alia*, (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."[18] "The burden rests with the defendant to show that a reduction in sentence is proper."[19]

Here, Gatling has not met his burden of establishing that extraordinary and compelling reasons weigh in favor of granting compassionate release. As an initial matter, the Court notes that the existence of COVID-19 cannot alone justify compassionate release. As the United States Court of Appeals for the Third Circuit has explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.[20]

Thus, to demonstrate that extraordinary and compelling reasons exist to grant compassionate release, movants must show that they suffer from one or more

---

[18] 18 U.S.C. § 3553(a).
[19] *United States v. Rengifo*, No. CV 1:13-CR-00131, 2020 WL 4206146, at *2 (M.D. Pa. July 22, 2020).
[20] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

ailments that render them more susceptible to serious injury or death should they contract COVID-19. The Court concludes that Gatling has failed to make such a showing.

Although it is undisputed that Gatling suffers from asthma,[21] he has not demonstrated that his asthma renders him acutely vulnerable to COVID-19. The Centers for Disease Control and Prevention ("CDC") lists moderate to severe asthma as a condition that may increase the risk for severe illness from COVID-19.[22] As other courts have discussed, "one has 'moderate asthma' where the individual suffers from daily symptoms, experiences nighttime awakenings more than once a week, uses an albuterol rescue inhaler on a daily basis, and experiences some limitation of normal activities."[23] There is simply no evidence in the record that Gatling experiences daily asthma symptoms or must use a rescue inhaler daily, or that he experiences any nighttime awakenings or limitations in his normal activities. Thus, Gatling has not established that he suffers from moderate to severe asthma or that he is otherwise particularly susceptible to severe illness or death should he contract

---

[21] *See* Doc. 106 at 15, 22.
[22] Centers for Disease Control and Prevention, *Coronavirus Disease 2019, People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 27, 2020).
[23] *United States v. Smith*, No. CR 9-187, 2020 WL 4047485, at *3 (W.D. Pa. July 20, 2020).

COVID-19, as is his burden.[24] Accordingly, his motion for compassionate release must be denied.[25]

The Court is sympathetic to Gatling's situation, and the risk of harm or death from COVID-19 is a serious issue. However, Gatling has not demonstrated that he suffers from any health condition that increases his susceptibility to severe complications should he contract COVID-19. In the absence of any such comorbidity, the Court simply cannot find that extraordinary and compelling reasons exist to grant Gatling's motion.

## III.   CONCLUSION

For the foregoing reasons, Gatling's motion for compassionate release will be denied. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[24] *Rengifo*, 2020 WL 4206146, at *2.

[25] *See United States v. Guzman*, No. 3:16-CR-85, 2020 WL 4515476, at *4 (M.D. Pa. Aug. 5, 2020) (finding asthma insufficient to grant compassionate release where movant was prescribed only an inhaler that was used twice per week, movant was never hospitalized for the condition, and examinations were normal); *United States v. Zaffa*, No. CR 14-050-4, 2020 WL 3542304, at *2 (D.N.J. June 29, 2020) (asthma is insufficient "to meet the 'extraordinary and compelling' threshold" absent "concurrent risk factors (e.g. age or inclusion in another high-risk category)"); *United States v. Mazzo,* 2020 WL 3410819 (D. Conn. June 22, 2020) (asthma insufficient to demonstrate extraordinary and compelling reasons despite movant's use of multiple inhalers because condition was well-controlled); *United States v. Wheeler*, 2020 WL 2801289, at * 3 (D.D.C. May 29, 2020) (mild asthma does not constitute an extraordinary and compelling reason to grant compassionate release).